**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name** _____

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   _____
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)   __ __ - __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**

   _____
   Number    Street

   _____

   Denver
   _____
   City                State      ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City                State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____CA_____
   City                State      ZIP Code

5. **Debtor's website** (URL) _____

---

Official Form 201       Voluntary Petition for Non-Individuals Filing for Bankruptcy       page 1

Debtor _____   Case number (*if known*)_____
       *Name*

| 6. | **Type of debtor** | ❏ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ❏ Partnership (excluding LLP) |
| | | ❏ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❏ Railroad (as defined in 11 U.S.C. § 101(44))

❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))

❏ None of the above

B. *Check all that apply:*

❏ Tax-exempt entity (as described in 26 U.S.C. § 501)

❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|
| | | ❏ Chapter 7 |
| | | ❏ Chapter 9 |
| | | ❏ Chapter 11. *Check **all** that apply*: |

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❏ A plan is being filed with this petition.

❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

Debtor _____     Case number (*if known*)_____
       Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ❑ No

   ❑ Yes.  District _____  When _____  Case number _____
                                                    MM / DD / YYYY

          District _____  When _____  Case number _____
                                                    MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ❑ No

    ❑ Yes.  Debtor _____  Relationship _____
            District _____  When _____
                                                                  MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ❑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ❑ No

    ❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ❑ It needs to be physically secured or protected from the weather.

    ❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ❑ Other _____

    **Where is the property?** _____
                                            Number     Street

                                     _____  _____  _____
                                     City                             State  ZIP Code

    **Is the property insured?**

    ❑ No

    ❑ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

**Statistical and administrative information**

Debtor _____   Case number *(if known)*_____
          Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* <br> ❏ Funds will be available for distribution to unsecured creditors. <br> ❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors** <br><br> **(on a consolidated basis)** | ❏ 1-49 <br> ❏ 50-99 <br> ❏ 100-199 <br> ❏ 200-999 | ❏ 1,000-5,000 <br> ❏ 5,001-10,000 <br> ❏ 10,001-25,000 | ❏ 25,001-50,000 <br> ❏ 50,001-100,000 <br> ❏ More than 100,000 |
| **15. Estimated assets** <br><br> **(on a consolidated basis)** | ❏ $0-$50,000 <br> ❏ $50,001-$100,000 <br> ❏ $100,001-$500,000 <br> ❏ $500,001-$1 million | ❏ $1,000,001-$10 million <br> ❏ $10,000,001-$50 million <br> ❏ $50,000,001-$100 million <br> ❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion <br> ❏ $1,000,000,001-$10 billion <br> ❏ $10,000,000,001-$50 billion <br> ❏ More than $50 billion |
| **16. Estimated liabilities** <br><br> **(on a consolidated basis)** | ❏ $0-$50,000 <br> ❏ $50,001-$100,000 <br> ❏ $100,001-$500,000 <br> ❏ $500,001-$1 million | ❏ $1,000,001-$10 million <br> ❏ $10,000,001-$50 million <br> ❏ $50,000,001-$100 million <br> ❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion <br> ❏ $1,000,000,001-$10 billion <br> ❏ $10,000,000,001-$50 billion <br> ❏ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____
               MM / DD / YYYY

✗ _____        _____
   Signature of authorized representative of debtor        Printed name

   Title _____

Debtor _____    Case number *(if known)*_____
        Name

18. **Signature of attorney**

    ✖ _____    Date _____
       Signature of attorney for debtor                            MM / DD / YYYY

    _____
    Printed name

    _____
    Firm name

    _____
    Number     Street

    _____    _____ _____
    City                                              State      ZIP Code

    _____    _____
    Contact phone                              Email address

    _____ _____
    Bar number                                        State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-37725</u>.

2. The following financial data is the latest available information and refers to the debtor's condition on <u>3/31/2023</u>.

   a. Total assets                                                                 <u>$233,159,000</u>

   b. Total debts (including debts listed in 2.c., below)         <u>$75,000,000</u>

   c. Debt securities held by more than 500 holders

                                                                                                           Approximate number of holders:

   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____

   d. Number of shares of preferred stock: <u>10,000,000 shares authorized; none issued and outstanding</u>
   e. Number of shares common stock: <u>300,000,000 shares authorized; 183,384,069 issued; 181,586,944 outstanding</u>

   Comments, if any:

3. Brief description of debtor's business: <u>ViewRay, Inc. designs, manufactures, and markets the MRIdian MRI-guided Radiation Therapy System. MRIdian is built upon a proprietary high-definition magnetic resonance ("MR") imaging system designed from the ground up to address the unique challenges and clinical workflow for advanced radiation oncology. The MRIdian MRI-guided Radiation Therapy System integrates diagnostic-quality MR imaging with radiation therapy delivery to enable on-table adaptive treatments with real-time tissue tracking and automatic beam gating.</u>

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: <u>Entities affiliated with (1) Artisan Partners Limited Partnership; (2) Pura Vida Investments, LLC; (3) Hudson Executive Capital L.P.; (4) Fosun International Limited; (5) BlackRock, Inc.; (6) The Vanguard Group; and (7) Neuberger Berman Group LLC.</u>

**Fill in this information to identify the case:**

Debtor name _____**ViewRay, Inc.**_____

United States Bankruptcy Court for the: _____ District of **Delaware**
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Siemens AG Imaging Therapy Division**  H IM MR SCM SP  Allee am Roethelheimpark 2  Erlangen, 91052  Germany | Attn: Andreas Koenigsreuther  P: (+49) 913-184-3920 | Trade Claim | | | | $6,342,456.34 |
| 2 | **PEKO Precision Products**  1400 Emerson St  Rochester, NY 14606 | Attn: Jeff Lake  P: (585) 647-3010 X3014  jlake@pekoprecision.com | Trade Claim | | | | $2,771,554.78 |
| 3 | **Transgroup**  219 Shaw Rd  San Francisco, CA 94080 | Attn: Lars Pormose  P: (650) 219-3759  lars.pormose@transgroup.com  info@transgroup.com | Trade Claim | | | | $2,215,396.24 |
| 4 | **Jastec Inc.**  5-9-12 Kitashinagawa  shinagawa-ku  Tokyo, 141-8688  Japan | Attn: Kaori Tasaki  P: (+81) 357-395-210  F: (+81) 357-395-211  kaori.tasaki@jastec.co.jp  info@jastec.co.jp | Trade Claim | | | | $2,012,631.58 |
| 5 | **MC Electronics**  1891 Airway Dr  Hollister, CA 95032 | Attn: Erika Guerrero  P: (915) 704-2673  erika.guerrero@mcelectronics.com  info@mcelectronicsrepair.com | Trade Claim | | | | $1,083,921.38 |
| 6 | **Tesla Engineering, Ltd.**  Water Lane  Sotrrington  Sussex, RH20 3EA  United Kingdom | Attn: Russell Fellows  P: (+44) 190-374-3941 ext 261  fellows@tesla.co.uk | Trade Claim | | | | $1,066,226.50 |
| 7 | **GMI Solutions, Inc**  10202 North Enterprise Dr  Mequon, WI 53092 | Attn: Angie Becker  P: (414) 573-7984  abecker@gmiweb.com  contact@gmisolutions.com | Trade Claim | | | | $954,679.64 |
| 8 | **Mass Precision Inc.**  2110 Oakland Rd  San Jose, CA 95131 | Attn: David Tye  P: (408) 786-0381  david@massprecision.com | Trade Claim | | | | $776,712.95 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**    page 1

Debtor Name         **ViewRay, Inc.**                     Case Number _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **PDC**<br>700 Walnut Ridge Dr<br>Hartland, WI 53029 | Attn: Shenelle Jardine<br>P: (262) 369-1926<br>sjardine@pdcbiz.com | Trade Claim | | | | $711,393.20 |
| 10 | **Arrow Electronics, Inc**<br>1955 E Sky Harbor CIR NO<br>Phoenix, AZ 85034 | Attn: Christopher Adams<br>P: (317) 340-1299<br>dtaylor@arrow.com<br>complaince@arrow.com | Trade Claim | | | | $677,631.27 |
| 11 | **MRS Magnetics Limited**<br>Unit 6 Blacklands Way<br>Abingdon<br>Oxfordshire, OX14 1DY<br>United Kingdom | Attn: David Taylor<br>P: (+44) 01483532146 | Trade Claim | | | | $629,946.25 |
| 12 | **Everbrite, LLC**<br>401 Koopman LN<br>Elkhorn, WI 53121 | Attn: Rachel Penning<br>P: (262) 741-1335<br>rpenning@everbrite.com | Trade Claim | | | | $607,303.00 |
| 13 | **Quality Electrodynamics**<br>700 Beta DR<br>Suite 100<br>Mayfield Village, OH 44143 | Attn: Dr. Hiroyuki Fujita<br>P: (440) 646-9815 | Trade Claim | | | | $538,683.75 |
| 14 | **Teledyne e2v**<br>700 Chestnut Ridge Rd<br>Chestnut Ridge, NY 10977 | Attn: Betty Ledesma<br>P: (845) 578-6140<br>ledesma@teledyne-e2v.com | Trade Claim | | | | $484,372.00 |
| 15 | **Valley Services Electronics**<br>6190 San Ignacio Avenue<br>San Jose CA 95119 | Attn: Beth Kendrick<br>P: (408) 284-7700<br>info@www.vse.com | Trade Claim | | | | $476,284.00 |
| 16 | **Azel Enterprise, Inc**<br>625 Wool Creek Dr<br>Suite G<br>San Jose, CA 95112 | Attn: Sang Tran<br>P: (510) 209-2196<br>info@azelent.com | Trade Claim | | | | $476,140.69 |
| 17 | **Deloitte & Touche LLP**<br>1601 Wewatta Street<br>Suite 400<br>Denver, CO 80202 | Attn: Cory Vann<br>P: (303) 725-6604<br>cvann@deloitte.com | Professional Services Claim | | | | $400,230.00 |
| 18 | **LAP Sued GmbH (Euromechanics)**<br>Bahnhofstraße 4<br>Schwarzenbruck, 90592<br>Germany | Attn: Thomas Simmerer<br>P: +49 9128 9111 190<br>F: +49 9128 9111 199<br>info@lap-laser.com | Trade Claim | | | | $398,345.98 |
| 19 | **Paramount Electronics Ltd**<br>Little Balmer<br>Buckingham, MK18 1TF<br>United Kingdom | Attn: Daniel Andrew<br>P: +44 1296 399984<br>F: +44 1280 814140<br>sales@paramountelectronics.co.uk<br>dandrew@paramountelectronics.co.uk | Trade Claim | | | | $362,777.60 |
| 20 | **Stangenes**<br>1052 East Meadow Circle<br>Palo Alto, CA 94303 | Attn: Lill Runge<br>P: (650) 493-0814<br>info@stangenes.com<br>hr@stangenes.com | Trade Claim | | | | $337,485.00 |

Debtor Name  **ViewRay, Inc.**                                                Case Number  _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 21 | **Expedite Precision Works Inc.**<br>931 Berryessa Rd<br>San Jose, CA 95133 | Attn: Almiro Furtado<br>P: (408) 573-9600<br>F: (408) 573-9700<br>epwi@expediteprecision.com | Trade Claim | | | | $332,179.06 |
| 22 | **Katie Couric Media LLC**<br>100 Crosby St<br>Suite 301<br>New York, NY 10012 | Attn: Katie Couric<br>P: (212) 297-0707<br>jkeller@keygroup.tv | Trade Claim | | | | $320,833.00 |
| 23 | **Marx Digital Manufacturing**<br>3551 Victor ST<br>Santa Clara, CA 95054 | Attn: Shane Johnson<br>P: (408) 748-1783<br>s.johnson@marxdigital.com | Trade Claim | | | | $309,153.88 |
| 24 | **Designworks/USA, Inc.**<br>1601 Olympic Blvd<br>Santa Monica, CA 90404 | Attn: Holger Hampf<br>P: (310) 460-3300 | Trade Claim | | | | $287,500.00 |
| 25 | **Klinikum der Universitat Munchen**<br>Marchioninistr. 15<br>München, 81377<br>Germany | Attn: Monika Ruger<br>P: +49 89 4400 72149<br>F: +49 89 4400 54630<br>dagmar.schob@med.uni-muenchen.de | Trade Claim | | | | $274,434.35 |
| 26 | **RK Logistics Group, Inc.**<br>41707 Christy Street<br>Fremont, CA 94538 | Attn: Joe MacLean<br>P: (800) 821-7770<br>F: (408) 942-9226<br>info@rklogisticsgroup.com | Trade Claim | | | | $273,432.31 |
| 27 | **Thermo Fisher Scientific Inc.**<br>4951 Langdon Road<br>Dallas, TX 75241 | Attn: Marc Casper<br>P: (781) 622-1000 | Trade Claim | | | | $257,850.00 |
| 28 | **NAMSA - USA**<br>400 Highway 169 South<br>Suite 500<br>Minneapolis, MN 55426 | Attn: Ellen Roers<br>P: (832) 871-8777<br>communications@namsa.com<br>eroers@namsa.com | Trade Claim | | | | $255,365.02 |
| 29 | **Helix Linear Technologies, Inc.**<br>23200 Commerce PK<br>Beachwood, OH 44122 | Attn: Christopher Nook<br>P: (216) 470-1083<br>F: 855-444-7543<br>sales@helixlinear.com;<br>cnook@helixlinear.com | Trade Claim | | | | $250,040.59 |
| 30 | **Altitude Exhibits LLC**<br>3395 Carder Ct<br>Unit 100<br>Highlands Ranch, CO 80129 | Attn: Jeremy Luther<br>P: (303) 801-3590<br>jeremy.luther@altitudeexhibits.com | Trade Claim | | | | $246,495.25 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ViewRay, Inc., *et al.*, | Case No. 23-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## COMBINED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), ViewRay, Inc. and ViewRay Technologies, Inc. (together, the "Debtors") hereby certify as follows:

Based on the books and records of the Debtors, no corporation owns 10% or more of the stock of Debtor ViewRay, Inc.

Debtor ViewRay, Inc. owns 100% of the equity interests of Debtor ViewRay Technologies, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 1099 18th Street, Suite 3000, Denver, CO 80202.

US.357857402.04



# CERTIFICATE

I, Sanket Shah, Secretary of ViewRay, Inc. and ViewRay Technologies, Inc., each a Delaware corporation, (collectively, as the "Company"), DO HEREBY CERTIFY that Exhibit A is a true and correct copy of resolutions duly adopted at a meeting of the Board of Directors of the Company duly held and convened on July 15, 2023, at which meeting a duly constituted quorum of the Board of Directors was present and acting throughout and that such resolutions have not been modified, rescinded or revoked and are at present in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed this Certificate this 16th day of July, 2023.

/s/ Sanket Shah
―――――――――――――――――――――
Senior Vice President, General Counsel and Corporate Secretary

ViewRay, Inc. and ViewRay Technologies, Inc

**EXHIBIT A**

**RESOLUTIONS OF THE BOARDS OF DIRECTORS**

## VIEWRAY, INC.
## VIEWRAY TECHNOLOGIES, INC.

### RESOLUTIONS OF THE BOARDS OF DIRECTORS

### July 15, 2023

The members of the Boards of Directors (collectively, the "**Boards**" and each, a "**Board**") of ViewRay, Inc. and ViewRay Technologies, Inc., each a Delaware corporation, (hereinafter referred to as "**ViewRay**" and "**ViewRay Technologies**" and, collectively, as the "**Company**"), hereby consented to, approved, and adopted the following resolutions at the meetings of the Boards held on July 15, 2023.

**WHEREAS,** the Boards have reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions; and

**WHEREAS,** the Boards have received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT:**

<u>**Commencement and Prosecution of Bankruptcy Cases**</u>

**RESOLVED**, that, in the judgment of the Boards, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that voluntary petitions (the "**Petitions**") be filed by each of ViewRay and ViewRay Technologies in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing cases (the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that each officer of the Company (each, an "**Officer**" and collectively, the "**Officers**"), be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Petitions and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of the Company, to execute, acknowledge, deliver, and verify and file any and all schedules, statements of affairs, lists, and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the filing of the Petitions and commencement of the Bankruptcy Cases; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, from time to time in the name and on behalf of

the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Cases and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure, and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Faegre Drinker Biddle & Reath LLP ("**Faegre Drinker**") be, and hereby is, authorized, directed, and empowered to represent the Company as restructuring and general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Faegre Drinker; and it is further

**RESOLVED**, that the law firm of Cravath, Swaine & Moore LLP ("**Cravath**") be, and hereby is, authorized, directed, and empowered to represent the Company as special corporate counsel to represent and assist the Company in connection with the potential sale of the Company's business or assets and in carrying out its duties relating to the potential sale of the Company's business or assets and to take any and all actions to advance the Company's rights and obligations in connection with the potential sale of the Company's business or assets and the Bankruptcy Cases; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Bankruptcy Cases, and to cause to be filed an appropriate motion or application for authority to retain the services of Cravath; and it is further

**RESOLVED**, that Berkeley Research Group, LLC ("**BRG**") be, and hereby is, authorized, directed, and empowered to represent the Company as restructuring advisors to represent and assist

the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Bankruptcy Cases, and to cause to be filed an appropriate motion or application for authority to retain the services of BRG; and it is further

**RESOLVED**, that B. Riley Securities, Inc. ("**BRS**") be, and hereby is, authorized, directed, and empowered to serve as investment banker to represent and assist the Company in connection with the potential sale of the Company's business or assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of BRS; and it is further

**RESOLVED**, that Stretto, Inc. ("**Stretto**") be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, balloting, and administrative agent in connection with the Bankruptcy Cases; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

**Post-Petition Financing**

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is authorized, directed, and empowered to execute

appropriate loan agreements, cash collateral agreements, and related ancillary documents; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i)(a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it is further

**Sale**

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to commence the marketing for sale of the Company's business or assets and pursue negotiations with any interested parties regarding one or more sales of such business or assets pursuant to section 363 of the Bankruptcy Code or otherwise, in each case subject to further authorization of the Board, of any such sale; and it is further

**Termination of Executive Officers**

**RESOLVED**, that the Board of ViewRay hereby removes and terminates the employment of Scott Drake as Chief Executive Officer, Jake Signoriello as Interim Chief Financial Officer and Robert McCormack as Chief Legal Officer of the Company, effective as of July 15, 2023 (the "**Executive Officer Terminations**"), and that the Executive Officer Terminations shall be without cause; and it is further

**Appointment of Executive Officers**

**RESOLVED**, that effective as of immediately following the Executive Officer Terminations, the Board of ViewRay hereby designates and appoints Paul Ziegler as Chief Executive Officer, Sanket Shah as General Counsel and Corporate Secretary, Cassie Mahar as Interim Chief Financial Officer and Adam Podbelski as SVP, Commercial Operations of the Company, and that Ms. Mahar shall serve in such role until such time as a permanent Chief Financial Officer has been selected and appointed or until her earlier death, resignation or removal; and it is further

**RESOLVED**, that each of the Officers be, and each of them hereby is, authorized, empowered and directed, for and on behalf of the Company, to execute and deliver any agreements,

documents or instruments as may be necessary, appropriate or desirable to memorialize and effect the designation and appointments of Mr. Ziegler, Mr. Shah, Ms. Mahar and Mr. Podbelski; and it is further.

**Board of Directors**

**RESOLVED**, that the Board of ViewRay hereby acknowledges the resignation of Phillip M. Spencer and Gail Wilensky, Ph.D., effective as of July 15, 2023; and it is further

**RESOLVED**, that effective as of immediately following the Executive Officer Terminations, the Board of ViewRay hereby designates and appoints Paul Ziegler as a Class II director of the Board of ViewRay, with a term expiring at the Company's 2023 annual meeting of stockholders or until his earlier death, resignation or removal; and it is further

**RESOLVED**, that the Board of ViewRay does hereby ratify and affirm that Scott Drake will continue to serve as a member of the Board of ViewRay; and it is further

**RESOLVED**, that pursuant to Section 3.2 of the Second Amended and Restated Bylaws of the ViewRay, Inc. and effective as of July 15, 2023, upon the effectiveness of Mr. Spencer and Ms. Wilensky's resignations, the size of the Board of ViewRay be reduced from nine (9) directors to seven (7) directors; and it is further

**General Resolutions**

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports, and documents executed, delivered, or filed through the date hereof, by any Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that this unanimous joint written consent of the Boards may be executed in multiple counterparts, each of which shall be considered an original and all of which shall constitute one and the same instrument; and it is further

**RESOLVED**, that the executed copy of this unanimous joint written consent of the Boards shall be filed with the minutes of the proceedings of the Boards.

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of <u>Delaware</u>
(State)

Case number (*If known*): _____

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration <u>Combined Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____    ✘ _____
MM / DD / YYYY                Signature of individual signing on behalf of debtor

_____
Printed name

_____
Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**