**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ViewRay, Inc., *et al.*, | Case No. 23-10935 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Ref. D.I. 13 |

**INTERIM ORDER (I) GRANTING (I) AUTHORITY TO
(A) CONTINUE USING EXISTING BANK ACCOUNTS, BUSINESS
FORMS, CASH MANAGEMENT SYSTEM, AND PAY ALL FEES RELATED
THERETO AND (B) IMPLEMENT ORDINARY COURSE CHANGES TO CASH
MANAGEMENT SYSTEM, INCLUDING OPENING AND CLOSING BANK
ACCOUNTS; (II) A WAIVER OF THE REQUIREMENTS OF SECTION 345(b)
OF THE BANKRUPTCY CODE; AND (III) RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 345, 363, 364, 1107(a), and 1108 of the Bankruptcy Code; Bankruptcy Rules 2015, 6003, and 6004; and Local Rule 2015-2, granting (i) authority to (a) continue using their existing bank accounts, business forms, cash management system, and payment of all fees related thereto, (b) implement ordinary course changes to the cash management system including without limitation, opening and closing bank accounts as deemed necessary and appropriate in the Debtors' business judgment, (ii) a waiver of the requirements of section 345(b) of the Bankruptcy Code, to the extent necessary; and (iii) related relief, all as more fully set forth in the Motion; and upon consideration of the record of the Chapter 11 Cases; and the Court having found that due and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 1099 18th Street, Suite 3000, Denver, CO 80202.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

proper notice of the Motion has been given and no other or further notice of the Motion is required; and the Court having found that it has jurisdiction to consider the Motion under 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that its consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these proceedings and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on **August 11, 2023, at 9:30 a.m. (ET)** (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors, (i) Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036, Attn: Michael P. Pompeo (michael.pompeo@faegredrinker.com), and Faegre Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1400, Wilmington, Delaware 19801, Attn: Patrick A. Jackson (patrick.jackson@faegredrinker.com), Ian J. Bambrick (ian.bambrick@faegredrinker.com), and Jaclyn C. Marasco (jaclyn.marasco@faegredrinker.com); (ii) counsel to the Prepetition Secured Parties, (a) Hogan Lovells (US) LLP, 555 Thirteenth Street, NW, Washington, D.C. 20004, Attn: Frederick S. Cristman (frederick.cristman@hoganlovells.com), Hogan Lovells (US) LLP, 390 Madison Avenue, New York, New York 10017, Attn: Matthew Schernecke

(matthew.schernecke@hoganlovells.com); (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware, 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com); and (c) Morrison & Foerster LLP, 200 Clarendon Street, 21st Fl., Boston, Massachusetts 02116, Attn: Alex Rheaume (arheaume@mofo.com); and (iii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov), in each case so as to be received no later than **August 4, 2023, at 4:00 p.m. (ET)**. If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing. The Debtors shall file a notice of the Final Hearing within two business days after entry of this Order.

3. The Debtors are authorized in the reasonable exercise of their business judgment to continue the Cash Management System in the ordinary course of business including (i) designating, maintaining, and continuing to use, with the same account numbers, all of their Bank Accounts, including, without limitation, those bank accounts identified on **Exhibit D** to the Motion; (ii) using, in their present form, all existing check stock, without reference to their status as debtors-in-possession, and other documents related to the Bank Accounts; and (iii) treating the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as used prior to the Petition Date.

4. The Banks participating in the Cash Management System are hereby authorized to continue to service and administer all of the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with any agreements between the Banks and the Debtors that existed prior to the Petition Date, and to

receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on, such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; provided, however, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

5. Except for those that comply with an order of this Court authorizing payment of certain prepetition claims, no checks, drafts, wires, or other electronic transfer requests drawn, issued, or requested on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

6. The Bank Contracts shall continue to govern the post-petition cash management relationship between the Debtors and the Banks. All provisions of the Bank Contracts, including the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements (including any provisions requiring the Debtors to reimburse a Bank for legal fees or expenses incurred by such Bank on account of these Chapter 11 Cases) shall remain in full force and effect, unless the Debtors and such Bank agree otherwise. The operation of the Cash Management System in accordance with the Debtors' normal and customary practice is adequate and sufficient and may be continued on and after the Petition Date in the ordinary course of the Debtors' business.

7. The Banks participating in the Cash Management System shall not be liable to the Debtors or to their estates and shall not be deemed to be in violation of this Order for honoring a prepetition check or other item drawn on any account that is the subject of this Order (i) at the direction of the Debtors, (ii) in a good faith belief that this Court has authorized such prepetition

check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of reasonable item handling procedures. The Debtors are authorized to reimburse the Banks for any charges arising before or after the Petition Date in connection with checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent responsible for such items prior to the Petition Date.

8. The Debtors are authorized to continue to use their check stock existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession; provided, however, that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Order.

9. Nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any of the Bank Accounts as the Debtors may deem necessary and appropriate; provided, however, that prior to opening any new bank accounts or closing any of the Bank Accounts, the Debtors shall provide notice within fifteen (15) days, to (i) the U.S. Trustee, and (ii) counsel for any official committee appointed in the Chapter 11 Cases; provided further, however, that the Debtors shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement (a "UDA") with the U.S. Trustee, or at such banks that are willing to promptly execute such an agreement. The Banks are authorized to close any existing Bank Accounts in accordance with the terms of the applicable Bank Contract without further order of the Court.

10. With regard to the Banks that are party to a UDA with the U.S. Trustee, the Debtors shall, on the date this Order is entered, (i) contact each bank; (ii) provide each bank with each of the Debtors' employer identification numbers; and (iii) identify each of their Bank Accounts held at such banks as being held by a debtor-in-possession.

11. The Banks are hereby authorized to debit or otherwise satisfy prepetition and post-petition Bank Fees from the Bank Accounts without further order of this Court, provided that such fees and charges are authorized under the applicable account agreement with the Debtors and provided further that nothing set forth herein shall authorize any of the Banks to debit any claim or charges not in the ordinary course of business and not permitted under the applicable account agreements.

12. Within five (5) business days from the date of the entry of this Order, the Debtors shall (i) serve a copy of this Order on each Bank, and (ii) request that each Bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

13. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action related to the Cash Management System or any of the Banks; or (d) shall be construed as a promise to pay a claim.

14. Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the

disbursements of each particular entity, regardless of which entity remits payment for those disbursements.

15. The Debtors shall properly ascertain, record, and trace all prepetition and post-petition transactions, including any intercompany transactions and shall not make any intercompany loans to any non-Debtor affiliate absent further order of the Court.

16. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

17. The Banks are authorized to apply cash collateral in their respective possession in satisfaction of the Debtors' reimbursement and other obligations arising under agreements governing the issuance of letters of credit without further order from this Court.

18. The Debtors are authorized, but not directed, to continue using their credit card program with SVB in the ordinary course of business and consistent with prepetition practices. The applicable Bank Contracts shall continue to govern the credit card facility post-petition. SVB is authorized to (a) continue to hold any cash collateral held in connection with the Debtors' credit card program, (b) debit any cash collateral held in connection with the credit card program in the ordinary course of business, and (c) terminate any corporate credit card program in accordance with the applicable Bank Contracts, in each case without further approval from this Court.

19. The requirements of Bankruptcy Rule 6003(b) are satisfied.

20. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

21. Notice of the Motion as provided therein satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

22. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: July 19th, 2023**
**Wilmington, Delaware**

*Ka B. O*

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

US.357838758.17