IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ViewRay, Inc., *et al.*, | Case No. 23-10935 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Cure Cost/Assignment Objection Deadline** September 14, 2023, at 4:00 p.m. (ET) **Supplemental Sale Objection Deadline:** September 26, 2023, at noon (ET) **Sale Hearing:** September 28, 2023, at 10:00 a.m. (ET) |
| | **Ref. D.I. 208** |

**NOTICE OF POSSIBLE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH SALE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.   On August 23, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 208] (the "Bidding Procedures Order")[2] in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of ViewRay, Inc. and its affiliate ViewRay Technologies, Inc., the debtors and debtors in possession in the Chapter 11 Cases (together, the "Debtors"), (i) approving the Bidding Procedures attached as **Exhibit 1** to the Bidding Procedures Order for the sale of the Debtors' business as a going concern (the "Business"), segments thereof, substantially all of the Debtors' assets (the "Assets"), or subsets thereof (the "Sale") and approving the form and manner of notices in connection with the Bidding Procedures; (ii) approving assignment procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases as part of the Sale (the "Assignment Procedures"); (iii) setting a deadline to conduct the Auction for the Sale; and (iv) scheduling the Sale Hearing to consider approval of the Sale as well as the treatment of executory contracts and unexpired leases. At the Sale Hearing, the Debtors will seek entry of an order (the "Sale Order") authorizing and approving (i) the Sale free and clear of liens, claims (as such term is defined in section 101(5) of the Bankruptcy Code), interests, rights of reclamation, and encumbrances; (ii) the assumption and assignment of certain executory contracts and unexpired leases; and (iii) granting related relief.

2.   Copies of the Bidding Procedures Order with the Assignment Procedures set forth therein, the Bidding Procedures, and all other filings in the Chapter 11 Cases may be obtained by parties in interest free of charge on the dedicated webpage related to the Chapter 11 Cases maintained by the claims and noticing agent in these cases, https://cases.stretto.com/ViewRay/. Copies of such documents are also available for inspection during regular business hours at the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 1099 18th Street, Suite 3000, Denver, CO 80202.

[2]   Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Bidding Procedures Order (including the Bidding Procedures). Any summary of the Bidding Procedures and the Bidding Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

DE 19801, and may be viewed for a fee at the Court's website, http://www.deb.uscourts.gov/, by following the directions for accessing the ECF system on such website.

3. The hearing to approve a Successful Bid and any Next-Highest Bid will take place on **September 28, 2023, at 10:00 a.m.** (the "Sale Hearing") before the Honorable Karen B. Owens, United States Bankruptcy Judge, 824 North Market Street, Wilmington, Delaware 19801, 6th Floor, Courtroom 3. The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice, which may be a hearing agenda stating the adjournment, on the docket of the Chapter 11 Cases.

4. To facilitate the Sale, the Debtors are potentially seeking to assume and assign certain of the Debtors' executory contracts and unexpired leases (the "Contracts") to any Successful Bidder in accordance with the Assignment Procedures provided for in the Bidding Procedures Order. **Each of the Contracts subject to potential assignment through the sale process is separately identified on Schedule 1 attached hereto. THE INCLUSION OF ANY AGREEMENT ON SCHEDULE 1 DOES NOT CONSTITUTE AN ADMISSION THAT A PARTICULAR AGREEMENT IS AN EXECUTORY CONTRACT OR UNEXPIRED LEASE OF PROPERTY OR REQUIRE OR GUARANTEE THAT SUCH CONTRACT WILL BE ASSUMED AND ASSIGNED, AND ALL RIGHTS OF THE DEBTORS WITH RESPECT THERETO ARE RESERVED.**

5. The cure amount (each, a "Cure Cost"), if any, that the Debtors believe is required to be paid to the applicable counterparty (each, a "Non-Debtor Counterparty") to each of the Contracts under section 365(b)(1)(A) and (B) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") is also set forth on **Schedule 1** attached hereto.

6. If a Non-Debtor Counterparty objects to the Cure Cost for its Contract or to the proposed assumption, assignment, or transfer of such Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of a Successful Bidder, the Non-Debtor Counterparty must file with the Court and serve on the Notice Parties (as defined below) a written objection (a "Cure Cost/Assignment Objection") (i) signed by counsel or attested to by the objecting party; (ii) that conforms with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iii) that states with particularity the legal and factual basis for the objection and the specific grounds therefor; (iv) filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, together with proof of service, **on or before 4:00 p.m. (ET) on September 14, 2023**, (the "Cure Cost/Assignment Objection Deadline"); and (v) served, so as to be actually received on or before the Cure Cost/Assignment Objection Deadline, via email upon:

    a. counsel to the Debtors, Faegre Drinker Biddle & Reath LLP, Attn: Michael P. Pompeo (michael.pompeo@faegredrinker.com), Patrick A. Jackson (patrick.jackson@faegredrinker.com), Ian J. Bambrick (ian.bambrick@faegredrinker.com), and Jaclyn C. Marasco (jaclyn.marasco@faegredrinker.com);

    b. counsel to the Prepetition Secured Parties and the DIP Lenders, (a) Hogan Lovells (US) LLP, Attn: Frederick S. Cristman (frederick.cristman@hoganlovells.com), Matthew Schernecke (matthew.schernecke@hoganlovells.com); (b) Morris, Nichols, Arsht & Tunnell LLP, Attn: Matthew B. Harvey (mharvey@morrisnichols.com); and (c) Morrison & Foerster LLP, Attn: Alex Rheaume (arheaume@mofo.com);

    c. proposed counsel to the Official Committee of Unsecured Creditors, (a) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: David H. Botter (dbotter@cgsh.com), Lisa M. Schweitzer (lschweitzer@cgsh.com), and Thomas S. Kessler (tkessler@cgsh.com) and (b) Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th

        Floor, Wilmington, Delaware 19801, Attn: Christopher M. Samis (csamis@potteranderson.com) and Aaron H. Stulman (astulman@potteranderson.com); and

    d.    the Office of the United States Trustee for the District of Delaware, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov) (collectively, the "Notice Parties").

The procedures for objecting to the specific identity of, and adequate assurance of future performance provided by, a Successful Bidder will be addressed via separate notice.

    7.    In the event that the Debtors identify additional Contracts or any Non-Debtor Counterparties that were not served with this Notice of Potential Assumption & Assignment, the Debtors may subsequently serve the applicable Non-Debtor Counterparty with a supplemental Notice of Potential Assumption & Assignment, and the Assignment Procedures provided for in the Bidding Procedures Order will nevertheless apply to such Non-Debtor Counterparty; provided, however, that the Cure Cost/Assignment Objection Deadline with respect to such Non-Debtor Counterparty shall be 4:00 p.m. (ET) on the date set forth in the supplemental Notice of Potential Assumption & Assignment.

    8.    At the Sale Hearing, the Debtors may seek the Court's approval of the assumption and assignment to any Successful Bidder of those Contracts that have been selected by the Successful Bidder to be assumed and assigned. **To the extent your contract is designated by a Successful Bidder for assumption and assignment, you will receive further notice of that designation.** The Debtors and their estates reserve any and all rights with respect to any Contracts that are not ultimately assigned to the Successful Bidder.

    9.    Any Non-Debtor Counterparty to a Contract who fails to timely file and properly serve a Cure Cost/Assignment Objection as provided herein will (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other pre-closing amounts with respect to such Contract in the event it is assumed and assigned by the Debtors and the Debtors shall be entitled to rely solely upon the Cure Costs, (ii) be deemed to have consented to the assumption, assignment, and transfer of such Contract (including the transfer of any related rights and benefits thereunder) to the relevant Successful Bidder, and (iii) be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or defaults exist, or that conditions to assumption, assignment, and transfer must be satisfied under such Contract, or that any related right or benefit under such Contract cannot or will not be available to the relevant Successful Bidder.

    10.    If a Non-Debtor Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of the Assignment Procedures, the Debtors and the Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without the Court's intervention. If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, the Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following paragraph.

    11.    Consideration of unresolved Cure Cost/Assignment Objections, if any, will be held at the Sale Hearing, *provided, however,* that (i) any Contract that is the subject of a Cure Cost/Assignment Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection, (ii) the Debtors, in consultation with the Consultation Parties and the parties to any Contract that is subject to a Cure Cost/Assignment objection, may adjourn a Cure Cost/Assignment Objection, and (iii) the Debtors shall pay any undisputed Cure Cost on or before the Closing Date and shall appropriately reserve funding for the disputed portion of the Cure Costs.

    12.    A timely filed and properly served Cure Cost/Assignment Objection will reserve the filing Non-Debtor Counterparty's rights relating to the Contract but will not be deemed to constitute an objection to the relief

generally requested in the Debtors' bidding procedures and sale motion [Docket No. 69] with respect to the approval of the Sale.

13. **The Debtors' assumption and assignment of a Contract is subject to approval by the Court and consummation of the Sale**. Absent consummation of the Sale and entry of an order approving the assumption and assignment of the Contracts (with such Contracts being listed as an exhibit to such order), the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption, assumption and assignment, or rejection by the Debtors.

14. No less than two (2) business days prior to the closing of any Sale of the Business, segments thereof, the Assets, or subgroups thereof, the Debtors shall file with the Court a notice (the "Notice of Assumption & Assignment") setting forth the final list of Contracts assumed and assigned to the Successful Bidder (the "Final Assumption List") and will serve the Notice of Assumption & Assignment on any counterparties to any Contracts included on the Final Assumption List.

Dated: August 31, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Ian J. Bambrick*

| | |
|---|---|
| Patrick A. Jackson (No. 4976) | Michael P. Pompeo (*pro hac vice*) |
| Ian J. Bambrick (No. 5455) | 1177 Avenue of the Americas, 41st Floor |
| Jaclyn C. Marasco (No. 6477) | New York, NY 10036 |
| 222 Delaware Ave., Suite 1410 | Tel: (212) 248-3140 |
| Wilmington, DE 19801 | Fax: (212 248-3141 |
| Tel: (302) 467-4200 | michael.pompeo@faegredrinker.com |
| Fax: (302) 467-4201 | |
| patrick.jackson@faegredrinker.com | Maria J. Cho (*pro hac vice*) |
| ian.bambrick@faegredrinker.com | 1800 Century Park East, Suite 1500 |
| jaclyn.marasco@faegredrinker.com | Los Angeles, CA 90067 |
| | Tel: (310) 203-4000 |
| | Fax: (310) 229-1285 |
| | maria.cho@faegredrinker.com |

*Counsel to the Debtors and Debtors in Possession*