**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ViewRay, Inc., *et al.*, | Case No. 23-10935 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Docket Nos. 360, 362, 377, 387, & 394** |

**ORDER CONVERTING DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession for the entry of an order (i) converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; (ii) establishing procedures governing conversion, including with respect to the allowance and payment of compensation to professionals retained in the Chapter 11 Cases; and (iii) granting related relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Standing Order; and this Court having found that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having found and determined that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US.359693884.07

estates, their creditors, and all other parties-in-interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Effective upon entry of this Order, each of the Debtors' Chapter 11 Cases shall be converted to a case under chapter 7 of the Bankruptcy Code pursuant to section 1112(a) and (b) of the Bankruptcy Code.

3. The following Conversion Procedures are hereby approved:

(a) **Professional Fees.** Each professional whose retention in the Chapter 11 Cases has been approved by the Court under section 327, 328, or 1103 of the Bankruptcy Code (excluding professionals retained in the ordinary course of business pursuant to the *Order (I) Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business Effective as of the Petition Date and (II) Conditionally Waiving Certain Information Requirements of Local Rule 2016-2* [Docket No. 138]) shall submit a final fee application (the "Final Fee Applications") in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court no later than 21 days after the Conversion Date (the "Final Fee Application Deadline"). A hearing on such Final Fee Applications will be held, at the Court's convenience, on or before the date that is 28 days after the Final Fee Application Deadline (the "Final Fee Hearing"). Approved amounts for professional fees and expenses shall be paid, subject to the Budget for each such professional, (x) first, from the Professional Fee Reserve Account; (y) second, from the Carve-Out, and thereafter (z) from the Debtors' chapter 7 estates. For the avoidance of doubt, the Final Fee Applications will cover the period from the Petition Date through the Conversion Date and no interim fee applications will be required.

(b) **Discharge of Professionals.** On the Conversion Date, (i) the Committee shall be immediately dissolved, and all professionals retained by the Committee shall be discharged, with no further action required by the Committee, and (ii) all professionals retained by the Debtors shall be discharged, with no further action required by the Debtors; *provided, howeve*r, the Faegre Drinker Biddle & Reath LLP and Berkely Research Group shall be authorized but not directed to assist the Debtors in effectuating a conversion of the Chapter 11 Cases to cases under chapter 7.

(c)     **Books and Records**. As soon as reasonably practicable, but in no event more than 14 days after the assumption of duties by the chapter 7 trustee, the Debtors shall turn over to the chapter 7 trustee the books and records of the Debtors in the Debtors' possession, custody, and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

(d)     **Lists and Schedules.** To the extent not already filed with the Court, within 14 days after the Conversion Date, the Debtors shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b).

(e)     **Schedule of Unpaid Debts**. Within 14 days after the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Chapter 11 Cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

(f)     **Final Report.** Within 30 days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

(g)     **Claims.**     Within 14 days after the Conversion Date, and in accordance with Local Rule 2002-1(f)(x), Stretto, in its capacity as the Debtors' Court-approved claims and noticing agent (the "Claims and Noticing Agent"), shall: (i) forward to the Clerk of the Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final register of all claims filed in the Chapter 11 Cases (the "Final Claims Register"). A Final Claims Register and creditor mailing matrix shall also be docketed in each jointly administered case containing the claims and creditor mailing matrix parties, respectively, of only that specific case.

4.     Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or documents related thereto) entered during the Chapter 11 Cases, including, without limitation, the Final DIP Order, or the rights and remedies in connection with such orders and documents, which rights and remedies shall be preserved in their entirety. Without limiting the generality of the

US.359693884.07

foregoing, all provisions of the Final DIP Order relating to administration of the Professional Fee Reserve Account and the Carve-Out and procedures for distributions therefrom shall remain valid and enforceable and shall not be deemed altered by this Order or the conversion of the Chapter 11 Cases.

5. Notwithstanding conversion of the Chapter 11 Cases, Stretto is authorized to retain and disburse the funds in the Professional Fee Reserve Account in accordance with Paragraph 3(a) above and any orders of this Court. For the avoidance of doubt, the Professional Fee Reserve Account and the Carve-Out shall be administered outside of the chapter 7 estates and not be subject to administration by, or turnover to, a chapter 7 trustee.

6. The employment of Stretto in its capacity as the Claims and Noticing Agent in the Debtors' Chapter 11 Cases is terminated effective as of the Conversion Date. Stretto is released and discharged as the Claims and Noticing Agent in the Debtors' Chapter 11 Cases and shall bear no further responsibility in these Chapter 11 Cases, except that Stretto shall comply with Local Rule 2002-1(f)(x).

7. Upon entry of this Order, Stretto may reduce the public case administration website to a static homepage reflecting that the case has been closed, and in its discretion may opt to deactivate the website altogether.

8. Stretto shall keep electronic copies of all records until one (1) year following entry of this Order (after which time Stretto may, but is not required to, destroy such records), and Stretto need not keep paper copies of such records.

9. Upon entry of this Order, Stretto may destroy (A) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes, and other printed materials and (B) all undeliverable and/or returned mail not previously destroyed.

US.359693884.07

10. Stretto shall be compensated by the Debtors' estates for the performance of services required under this Order in accordance with the terms of its retention order.

11. Effective upon the date of this Order, pending the qualification of a permanent trustee under section 702 of the Bankruptcy Code, all contested matters in the Chapter 11 Cases are stayed unless otherwise ordered by this Court.

12. A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in the Chapter 11 Cases, shall appear at the first meeting of creditors after conversion of the Debtors' Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

13. The Debtors are hereby authorized and empowered to take all reasonable actions necessary to implement the terms and requirements established in this Order in accordance with the Motion.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 26th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**