**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ViewRay, Inc., *et al.*,<br><br>　　　　　　Debtors[1]. | Chapter 7<br><br>Case No. 23-10935 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 16, 2024 at 9:30 a.m. (ET)**<br>**Objections Due: April 5, 2024 at 4:00 p.m. (ET)** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER ESTABLISHING BAR DATE FOR FILING CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

　　　　George L. Miller, as the duly-appointed chapter 7 trustee (the "Trustee Miller") for the estates of ViewRay, Inc. and ViewRay Technologies, Inc. (collectively, the "Debtors"), hereby moves (the "Motion") for entry of an order establishing a bar date (the "Chapter 11 Administrative Expense Claims Bar Date") for the filing of chapter 11 administrative expense claims (the "Chapter 11 Administrative Expense Claim") and approving the form and manner of notice thereof. In support of the Motion, Trustee Miller respectfully represents as follows:

**JURISDICTION AND VENUE**

　　　　1.　　The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 503(b) and 507(a)(2) of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

**BACKGROUND**

2. On July 16, 2023 (the "Petition Date"), the Debtors commenced these jointly administered bankruptcy cases (collectively, the "Bankruptcy Cases") by each filing a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

3. On October 26, 2023 (the "Conversion Date"), the Debtors' cases were converted from chapter 11 proceedings to chapter 7 proceedings [D.I. 398].

4. On or about the Conversion Date, the Office of the United States Trustee appointed Trustee Miller as the chapter 7 trustee for the Debtors' estates.

5. In order to move the liquidation of these Bankruptcy Cases towards their conclusion, Trustee Miller must determine the landscape of Chapter 11 Administrative Expense Claims against the Debtors and the Debtors' estates.

**RELIEF REQUESTED**

6. By this Motion, Trustee Miller respectfully requests that this Court enter an order pursuant to sections 105(a), 503(b) and 507(a)(2) of the Bankruptcy Code:

   (a) Establishing **May 17, 2024 at 5:00 P.M. (Eastern Time)** as the Chapter 11 Administrative Expense Claims Bar Date. The Chapter 11 Administrative Expense Claims Bar Date will cover (a) all chapter 11 administrative claims against ViewRay, Inc. and ViewRay Technologies, Inc., and their estates, pursuant to sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code that arose from Petition Date through the Conversion Date; and

   (b) Approving Trustee Miller's proposed form and manner of notice of the Chapter 11 Administrative Expense Claims Bar Date.

7. Trustee Miller proposes the following procedures for filing a request for payments:

   (a) Each request for payment must (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting

documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

(b) Each request for payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

(c) Each request for payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date. Additionally, each request for payment should be file only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a request for payment.

(d) Each request for payment must also be served upon, so as to be actually received by, undersigned counsel for Trustee Miller by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**

David M. Klauder, Esq.
Bielli & Klauder, LLC
1204 N. King Street
Wilmington, Delaware 19801

RE:   In re ViewRay, Inc., *et al.,* Case No. 23-10935-KBO
Request for Payment/Chapter 11 Administrative Claim.

**If by Electronic Mail:**

dklauder@bk-legal.com

RE:   In re ViewRay, Inc., *et al.,* Case No. 23-10935-KBO
Request for Payment/Chapter 11 Administrative Claim.

8. Trustee Miller requests that the Chapter 11 Administrative Expense Claims Bar Date not apply to the following:

(a) Professionals retained by Trustee Miller pursuant to sections 327, 328 and 1103 of the Bankruptcy Code who may seek fees and expense for their services;

(b) Entities seeking fees payable and/or unpaid under 28 U.S.C. § 1930;

    (c) A holder of a Chapter 11 Administrative Expense Claim that has been allowed by order of the Court;

    (d) A holder of a Chapter 11 Administrative Expense Claim that has been paid in full pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

9. Nothing in this Motion is intended to extend the bar date for any Chapter 11 Administrative Expense Claim that was required to be filed on or prior to the date of this Motion; the proposed Chapter 11 Administrative Expense Claims Bar Date will not apply to, and will not extend the deadline for filing, any Chapter 11 Administrative Expense Claim required to be filed by a prior order of this Court.

10. Trustee Miller proposes that any entity asserting a Chapter 11 Administrative Expense Claim against the Debtors/Bankruptcy Estates must file a request (or, alternatively, a request clearly identifying each liable Debtor/Bankruptcy Estate) for allowance of the Chapter 11 Administrative Expense Claim on or before the Chapter 11 Administrative Expense Claims Bar Date (a "Chapter 11 Administrative Claim Request").  Additionally, Trustee Miller proposes that any person or entity filing a Chapter 11 Administrative Claim Request must identify the particular Debtor/Bankruptcy Estate against which it is asserting a claim.  For any Chapter 11 Administrative Claim Request not referencing a particular Debtor/Bankruptcy Estate or listing multiple Debtors/Bankruptcy estates without clearly identifying the liable Debtor/Bankruptcy estate, then Trustee Miller will make a determination based on available information as to which Debtor/Bankruptcy estate the claim should be properly allocated to, or if appropriate will allocate the claims between the Debtors/Bankruptcy estates.

11. The Chapter 11 Administrative Claim Request shall clearly identify the amount the claimant believes is owed as a Chapter 11 Administrative Claim, the reasons for the incurrence of the Chapter 11 Administrative Claim and the date(s) the Chapter 11 Administrative Claim was

incurred.  In addition, the claimant shall provide with the Chapter 11 Administrative Claim Request any proof or documentation supporting the Chapter 11 Administrative Claim.  Finally, the Chapter 11 Administrative Claim Request shall not be noticed for a hearing.  A Chapter 11 Administrative Claim Request shall be deemed allowed unless otherwise objected to in writing by the Chapter 7 Trustee.

## BASIS FOR RELIEF REQUESTED

12. Section 105(a) of the Bankruptcy Code permits this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

13. Section 503 of the Bankruptcy Code provides that any entity may "timely file a request for payment of an administrative expense" and that such claim may be allowed after notice and a hearing."  11 U.S.C §§ 503(a, b).  Additionally, section 507(a)(2) of the Bankruptcy Code assigns chapter 11 administrative expenses a certain priority among other claims against a bankruptcy estate.

14. The circumstances of these Bankruptcy Cases justify the relief sought in this Motion.  To ensure that all chapter 11 administrative claim requests are identified, Trustee Miller needs to ascertain the "landscape" of such claim requests.  Approval of the requested Chapter 11 Administrative Expense Claims Bar Date will aid Trustee Miller's efforts.

## PROPOSED BAR DATE NOTICE PROCEDURES

15. Trustee Miller proposes that the Court approve the procedures detailed below in connection with setting the Chapter 11 Administrative Expense Claims Bar Date.

16. Trustee Miller requests approval of the Chapter 11 Administrative Expense Claims Bar Date, in substantially the form attached as **Exhibit A** (the "Chapter 11 Administrative Expense

Claims Bar Date Notice"). The Chapter 11 Administrative Expense Claims Bar Date Notice notifies potential claimants of the Chapter 11 Administrative Expense Claims Bar Date and contains information regarding who must file a Chapter 11 Administrative Claim Request.

17. Trustee Miller proposes to serve the Chapter 11 Administrative Expense Claims Bar Date Notice as soon as possible after the entry of the Proposed Order, but in no event later than five (5) business days after the entry of the Order approving this Motion, via United States mail, postage prepaid, to (i) all parties on the Federal Rule of Bankruptcy Procedure 2002 service list maintained by Trustee Miller, (ii) all entities listed on the creditor matrix filed with the Bankruptcy Court, (iii) all taxing authorities for the jurisdictions in which the Debtors conducted business; (iv) Trustee Miller, and of his retained professionals in this case; and (v) any other party known by Trustee Miller to potentially have a chapter 11 administrative claim in this case.

18. Trustee Miller submits that, in light of the notice proposed to be given, that the proposed order granting the Motion provide that any entity required to file a Chapter 11 Administrative Claim Request but who fails to do so in a timely manner, and absent further order of the Bankruptcy Court to the contrary, shall be forever barred, estopped and enjoined from asserting a Chapter 11 Administrative Expense Claim against the Debtors or their Bankruptcy Estates (or filing any request with respect thereto), and such holder of a claim or claims shall not be permitted to receive payment on account of its alleged Chapter 11 Administrative Expense Claim or participate in any distribution in these chapter 11 cases on account of such claim or receive further notices regarding such claim.

**NOTICE**

19. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware and (ii) all other parties on the Federal Rule of Bankruptcy Procedure 2002 service list maintained by Trustee Miller.

**WHEREFORE**, Trustee Miller respectfully requests the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as the Court deems just.

Dated: March 22, 2024
Wilmington, Delaware

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
dklauder@bk-legal.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Bankruptcy Estates of ViewRay Inc., et al.*