**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ViewRay, Inc., *et al.*,<br><br>　　　　　　Debtors.[1] | Chapter 7<br><br>Case No. 23-10935 (KBO)<br><br>(Jointly Administered)<br><br>Re: Docket No. __564__ |

**ORDER ESTABLISHING BAR DATE FOR FILING CHAPTER 11
ADMINISTRATIVE EXPENSE CLAIMS AND APPROVING THE
FORM AND MANNER OF NOTICE THEREOF**

Upon considering the motion of George L. Miller, the chapter 7 trustee ("Trustee Miller"), for entry of an order establishing a bar date for the filing of chapter 11 administrative expense claims and approving the form and manner of notice thereof (the "Motion"); due and proper notice of the Motion having been given; and it appearing that (i) this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; after considering the record made in connection with the Motion, including the evidence tendered in support of the Motion, any responses/objections to the Motion, and argument of counsel; and the Court finding that the relief requested by the Trustee is warranted; it is hereby ORDERED that:

　　　　1.　　　　The Motion is GRANTED as set forth herein.

　　　　2.　　　　For purposes of this Order, a "Chapter 11 Administrative Expense Claim" is a claim (as defined in 11 U.S.C. § 101(5)) for payment of a chapter 11 administrative expense against one

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

or more of the Debtors and the respective bankruptcy estate(s) of a kind specified in Section 503(b)**(1) through (8)** of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code (a) that was incurred, accrued, or arose during the period from July 16, 2023 (the date the petitions initiating the above-captioned cases were filed) through October 26, 2023 and (b) claims against one or more of the Debtors and the respective estate(s) arising under section 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code.

3. All entities (including individuals, partnerships, corporations, estates, trusts and governmental units) holding a claim as defined in 11 U.S.C. § 101(5) against the Debtors that constitutes a Chapter 11 Administrative Expense Claim (as defined above) must file an application for allowance and/or payment of the chapter 11 administrative expense (a "<u>Chapter 11 Administrative Claim Application</u>") with this Court (824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801) stating the amount of the claim in U.S. dollars and attaching all documents supporting its entitlement to the Claim. Claimants shall be permitted to supplement any attached documentation as needed to support the Chapter 11 Administrative Expense Claim in the event the Claim is disputed. Chapter 11 Administrative Expense Claims shall be deemed timely filed only if they bear an original signature, are sent by regular mail, overnight mail or hand delivery and are actually received by the Court on or before **May 17, 2024 at 5:00 P.M. Eastern Time** (the "<u>Chapter 11 Administrative Expense Claims Bar Date</u>").

4. Any entity asserting a Chapter 11 Administrative Expense Claim against more than one Debtor/bankruptcy estate must file a separate Chapter 11 Administrative Claims Application (or, alternatively, a Chapter 11 Administrative Claims Application clearly identifying each liable Debtor/bankruptcy estate) for allowance and/or payment of the Chapter 11 Administrative Expense Claim on or before the Chapter 11 Administrative Expense Claims Bar Date.

Additionally, any person or entity filing a Chapter 11 Administrative Claim Application must identify the particular Debtor/bankruptcy estate against which it is asserting a claim. Any Chapter 11 Administrative Claim Application not referencing a particular Debtor/bankruptcy estate or listing multiple Debtors/bankruptcy estates without clearly identifying each liable Debtor/bankruptcy estate will be deemed filed against ViewRay, Inc. and its estate, Case No. 23-10935 (KBO).

5. The proposed Chapter 11 Administrative Expense Claims Bar Date will not apply to, and will not extend the deadline for filing, any Chapter 11 Administrative Expense Claim required to be filed by a prior order of this Court.

6. The Chapter 11 Administrative Expense Claims Bar Date does <u>not</u> apply to the following:

    **a.** Professionals retained by Trustee Miller pursuant to sections 327, 328 and 1103 of the Bankruptcy Code who may seek fees and expense for their services;

    **b.** Entities seeking fees payable and/or unpaid under 28 U.S.C. § 1930;

    **c.** A holder of a Chapter 11 Administrative Expense Claim that has been allowed by order of the Court; and

    **d.** A holder of a Chapter 11 Administrative Expense Claim that has been paid in full pursuant to the Bankruptcy Code or in accordance with an order of the Court.

7. Any entity required to file a Chapter 11 Administrative Claim Application but fails to by the Chapter 11 Administrative Expense Claims Bar Date shall be forever barred, estopped and enjoined from asserting a Chapter 11 Administrative Expense Claim against the Debtors or their estates (or filing any request with respect thereto), and such holder of a Claim or Claims shall not be permitted to receive payment on account of the alleged Chapter 11 Administrative Expense

Claim, participate in any distribution in these chapter 11 cases on account of such Claim, or receive further notices regarding such Claim.

8. The Notice of the Chapter 11 Administrative Expense Claims Bar Date (the "Chapter 11 Administrative Expense Claims Bar Date Notice"), substantially in the form attached as Exhibit A to the Motion, hereby is approved and shall be deemed sufficient if served as soon as possible after the entry of the Proposed Order, but in no event later than five (5) business days after the entry of the Order approving this Motion, via United States mail, postage prepaid, to (i) the Office of the United States Trustee for the District of Delaware; (ii) all parties on the Federal Rule of Bankruptcy Procedure 2002 service list maintained by Trustee Miller, (iii) all entities listed on the creditor matrix filed with the Bankruptcy Court, (iv) all taxing authorities for the jurisdictions in which the Debtors conducted business; (v) Trustee Miller, and of his retained professionals in these cases; and (vi) any other party known by Trustee Miller to potentially have a chapter 11 administrative claim in this case.  Service of the Notice of Chapter 11 Administrative Expense Claims Bar Date in the manner set forth above shall be deemed good and sufficient notice of the Chapter 11 Administrative Expense Claims Bar Date to known creditors.

9. The Trustee shall retain the right to dispute or assert offsets, defenses or counterclaims against any filed Chapter 11 Administrative Expense Claim.

10. The Trustee is hereby authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: April 11th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**