# UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ViewRay, Inc., *et al.*, | Case No. 23-10935 (KBO) |
| Debtors[1]. | (Jointly Administered) |

## NOTICE OF BAR DATE FOR FILING CERTAIN
## CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS
## AGAINST THE DEBTORS AND THE DEBTORS' ESTATES

On July 16, 2023, ViewRay, Inc. and ViewRay Technologies, Inc. (each a "Debtor" and, collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On October 26, 2023, the Debtors' cases were converted from chapter 11 proceedings to chapter 7 proceedings. The names of the Debtors and their case numbers and the last four digits of their federal tax identification number are ViewRay, Inc. (Case No. 23-10935 (KBO)), EIN No. 7485 and ViewRay Technologies, Inc. (Case No. 23-10936 (KBO)), EIN No. 8429.

The Bankruptcy Court has entered an order (the "Chapter 11 Administrative Expense Claims Bar Date Order") establishing **May 17, 2024 at 5:00 P.M. Eastern Time** (the "Chapter 11 Administrative Expense Claims Bar Date") as the deadline for filing chapter 11 administrative expense claims against the Debtors. **The Chapter 11 Administrative Claim Bar Date Order covers (a) all chapter 11 administrative claims against the Debtors and their bankruptcy estates pursuant to sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code that arose during the period running from July 16, 2023 through and including October 26, 2023 and (b) all claims against the Debtors and their bankruptcy estates arising under section 503(b)(9) of the Bankruptcy Code (the "Chapter 11 Administrative Expense Claims").**

**You should not file a Chapter 11 Administrative Expense Claim if you do not have a claim against the Debtors or their bankruptcy estates (a) pursuant to Sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code that arose during the period running from July 16, 2023 through and including October 26, 2023 or (b) pursuant to Section 503(b)(9) of the Bankruptcy Code. The fact that you received this Notice does not necessarily mean that you have a Chapter 11 Administrative Expense Claim or that either the Trustee or the Bankruptcy Court believes that you have a Chapter 11 Administrative Expense Claim.**

Pursuant to the terms of the Chapter 11 Administrative Expense Claims Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust or other governmental unit) that holds or asserts a Chapter 11 Administrative Expense Claim against any of the Debtors and their respective bankruptcy estate(s) must file an application for allowance and/or payment of the Claim (a "Chapter 11 Administrative Claim Application") with this Court (824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801) such that the Chapter 11 Administrative Claim Application is actually

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

received by the Court on or before the Chapter 11 Administrative Expense Claims Bar Date. Chapter 11 Administrative Claim Applications must conform to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware. Chapter 11 Administrative Claim Applications may be filed electronically via the Court's Electronic Case Filing system or be sent via United States mail, overnight delivery, or hand delivery to the following address:

> Office of the Clerk
> United States Bankruptcy Court
> for the District of Delaware
> 824 N. Market Street, 3rd Floor
> Wilmington, Delaware  19801

Any entity asserting a Chapter 11 Administrative Expense Claim against more than one Debtor/bankruptcy estate must file a separate Chapter 11 Administrative Claims Application (or, alternatively, a Chapter 11 Administrative Claims Application clearly identifying the liable Debtor/bankruptcy estate) for allowance and/or payment of the Chapter 11 Administrative Expense Claim on or before the Chapter 11 Administrative Expense Claims Bar Date. Additionally, any person or entity filing a Chapter 11 Administrative Claim Application must identify the particular Debtor/bankruptcy estate against which it is asserting a claim. Any Chapter 11 Administrative Claim Application not referencing a particular Debtor/bankruptcy estate or listing multiple Debtors/bankruptcy estates without clearly identifying each liable Debtor/bankruptcy estate will be deemed filed against ViewRay, Inc. and its bankruptcy estate, Case No. 23-10935 (KBO).

Each entity holding or asserting a Chapter 11 Administrative Expense Claim against the Debtors or their bankruptcy estates must file a Chapter 11 Administrative Claim Application so that it is actually received by the Court on or before the Administrative Expense Claims Bar Date.

The Bankruptcy Court has ordered the following procedures for filing a request for payments:

(a) Each request for payment must (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

(b) Each request for payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

(c) Each request for payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date. Additionally, each request for payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a request for payment.

(d) Each request for payment must also be served upon, so as to be actually received by, undersigned counsel for Trustee Miller by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**

David M. Klauder, Esq.
Bielli & Klauder, LLC
1204 N. King Street
Wilmington, Delaware 19801

        RE:    In re ViewRay, Inc., *et al.,* Case No. 23-10935-KBO
                Request for Payment/Chapter 11 Administrative Claim.

**If by Electronic Mail:**

dklauder@bk-legal.com

        RE:    In re ViewRay, Inc., *et al.,* Case No. 23-10935-KBO
                Request for Payment/Chapter 11 Administrative Claim.

The following entities need NOT file a Chapter 11 Administrative Expense Claim:

(a) Professionals retained by George L. Miller, the duly-appointed chapter 7 trustee for the bankruptcy estates of ViewRay, Inc. and ViewRay Technologies, Inc., pursuant to sections 327, 328 and 1103 of the Bankruptcy Code who may seek fees and expense for their services;

(b) Entities seeking fees payable and/or unpaid under 28 U.S.C. § 1930;

(c) A holder of a Chapter 11 Administrative Expense Claim that has been allowed by order of the Court;

(d) A holder of a Chapter 11 Administrative Expense Claim that has been paid in full pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

(e) Any entity that has already properly filed a motion requesting allowance of a Chapter 11 Administrative Claim for claims that arose after the applicable Petition Date but prior to the date of this Motion.

Any entity required to file a Chapter 11 Administrative Claim Application but fails to do so by the Chapter 11 Administrative Expense Claims Bar Date shall be forever barred, estopped and enjoined from asserting a Chapter 11 Administrative Expense Claim against the Debtors or their bankruptcy estates (or filing any request with respect thereto). The Debtors, their bankruptcy estates and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim(s), and such holder of a Claim or Claims shall not be permitted to receive payment on account of the alleged Chapter 11 Administrative Expense Claim, participate in any distribution in these chapter 11 cases on account of such Claim, or receive further notices regarding such Claim.

Nothing contained in this Notice shall preclude the Trustee from objecting to any filed Chapter 11 Administrative Claim Application on any grounds.

Copies of the Chapter 11 Administrative Expense Bar Date Order are available for inspection during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the District of

Delaware, 824 North Market Street, Wilmington, Delaware 19801. In addition, copies of the Bar Date Order may be viewed and downloaded for a fee at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Questions concerning the contents of this Chapter 11 Administrative Expense Claims Bar Date Notice should be directed to the undersigned counsel (David M. Klauder, contact information below). You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a chapter 11 administrative expense claim.

Dated: April 17, 2024　　　　　　　　　　　　**BIELLI & KLAUDER, LLC**
Wilmington, Delaware

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
dklauder@bk-legal.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Bankruptcy Estates of ViewRay Inc., et al.*