**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ViewRay, Inc., *et al*.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-10935 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 22, 2024 at 9:30 a.m. (ET)**<br>**Objection Deadline: May 15, 2024 at 4:00 p.m. (ET)** |

**MOTION OF GEORGE L. MILLER, THE CHAPTER 7 TRUSTEE, FOR AUTHORIZATION TO DISTRIBUTE THE PROCEEDS FROM THE SALE OF THE DEBTORS' ASSETS AND OTHER ASSETS OF THE BANKRUPTCY ESTATES PURSUANT TO THE SHARING AGREEMENT WITH THE LENDERS**

George L. Miller, as the duly-appointed chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Bankruptcy Estates") of ViewRay, Inc. and ViewRay Technologies, Inc. (collectively, the "Debtors"), hereby moves (the "Motion") for entry of an order authorizing the distribution of the proceeds from the sale of the Debtors' assets and other assets of the Bankruptcy Estates pursuant to the Sharing Agreement (as defined below) with the lenders (as defined below). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408, 1409. The statutory predicates for the relief sought herein are sections 105(a), 363(b), and 726(a) of the United States Bankruptcy Code (the "Bankruptcy Code").

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

**BACKGROUND**

2. On July 16, 2023 (the "Petition Date"), the Debtors commenced these jointly administered bankruptcy cases (collectively, the "Bankruptcy Cases") by each filing a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

3. On October 26, 2023 (the "Conversion Date"), the Debtors' cases were converted from chapter 11 proceedings to chapter 7 proceedings [D.I. 398].

4. On or about the Conversion Date, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee for the Debtors' estates.

5. The Debtors' businesses included designing, manufacturing and marketing MRIdian®, a magnetic resonance image-guided radiation therapy system to simultaneously image and treat cancer patients. The Debtors were an industry leader with the world's first radiation therapy solution that enabled simultaneous radiation treatment delivery and real-time magnetic resonance imaging of a patient's internal anatomy. Its key benefits included improved imaging and patient alignment, the ability to adapt the patient's radiation treatment to changes while the patient was still on the treatment table, MRI-based tissue tracking and automated beam gating, and an accurate recording of the delivered radiation dose.

6. As of the Conversion Date, the Debtors had ceased operations.

7. On December 21, 2023, based on a motion filed by the Trustee, the Court entered the *Order Granting Chapter 7 Trustee's Motion for (I) Approval of Sharing Agreement and Carve-Out with Lenders, and (II) Related Relief* [Docket No. 493] (the "Sharing Agreement"). The Sharing Agreement is between: (A) the Trustee and (B) the Prepetition Secured Parties and DIP

Secured Parties (as those terms are defined in the Final DIP Order[2]) (collectively, the "Lenders"), providing for, among other things, (i) the determination and allowance of the Lenders' pre-petition claims and liens; (ii) the Trustee's use of Cash Collateral for purposes including without limitation administering, recovering, preserving, marketing, and selling the Estates' assets and the Lenders' Collateral; (iii) the specified carve-out from the Lenders' liens; and (iv) related matters.

8. Of note, the Sharing Agreement provides for the following with respect to the Trustee's sale of the Debtors' assets:

> a. The Lenders agree to subordinate their Liens and Claims to the following extent ("Carve Out") to pay from the proceeds of the Asset Sales the Bankruptcy Court approved professional fees for professionals retained by the Trustee, such professionals to be approved in advance by the Lenders (other than Bielli & Klauder, LLC, Miller Coffey Tate LLP, Pillsbury Winthrop and B. Riley, whose retention is deemed approved by the Lenders).
>
> b. To pay from the proceeds of Asset Sales the Bankruptcy Court approved compensation for the Trustee under section 326 of the Bankruptcy Code.
>
> c. The Lenders consent to the Trustee's post-petition use of Cash Collateral in the Trustee's possession, comprising approximately $215,000 held in the Debtors' PNC bank account ending in 0758, for the payment of reasonable costs and expenses necessary to administer, recover, preserve, market, sell, or otherwise dispose of property of the Estates (the "Costs to Administer"), and to the extent the cash collateral is inadequate to enable payment of the Costs to Administer, then the Lenders agree to advance funds to the Trustee in incremental amounts as approved by the Lenders. The Trustee will submit to the Lenders a request for advance of funds ("Advances"), which shall include the identification of the proposed use of said funds. The Lenders are to promptly advise the Trustee of an objection to the reported planned disbursements. If there is no prompt objection by the Lenders to the reported planned disbursements, then the Lenders shall immediately remit to the Trustee the payment to be used by the Trustee for the reported planned disbursement. Should Lenders cease funding or object to additional funding, the Trustee may cease performing services related to the Collateral and Asset Sales and further services in the cases are at the discretion of the Trustee.

---

[2] Final DIP Order refers to the *Final Order (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (a) Liens and Superpriority Administrative Expense Claims and (b) Adequate Protection to Certain Prepetition Secured Parties; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [D.I. 226].

d. From the Asset Sales proceeds otherwise payable to the Lenders, after deducting items (a)–(b) above, and the repayment of any Advances, seven and one-half percent (7.5%) of such net proceeds shall be retained by the Estates for distribution by the Trustee in accordance with 11 U.S.C. § 726. In addition, the Lenders shall waive any deficiency claims (both pre-petition and post-petition) and shall not be permitted to receive payment from the 7.5% proceeds carve out that is retained to the Trustee.

9. On January 16, 2024, the Trustee conducted an auction of substantially all of the Debtors' assets pursuant to *Supplemental Notice of Extension of Certain Deadlines in the Bidding Procedures and Sale Motion, Scheduling Auction and Sale* [Docket No. 479] (the "Supplemental Notice").

10. At the conclusion of the auction, the Trustee filed the *Notice of Successful Bidder and Back-Up Bidder* [Docket No. 520] (the "Notice of Successful Bidder"). The Notice of Successful Bidder indicated that the Trustee selected the bid of MNP Holdings, LLC (the "Buyer") to purchase substantially all the Debtors' assets as the winning bidder. The purchase price of the winning bid by the Buyer was i) $5,205,000.00 in cash plus (ii) the assumption of the Assumed Liabilities (the "Purchase Price").

11. On January 18, 2024, the Court conducted a hearing (the "Sale Hearing"), to consider approval of the sale (the "Sale").

12. On January 23, 2024, the United States Bankruptcy Court for the District of Delaware entered the *Order (I) Approving the Sale of Substantially All Assets of the Debtors and Their Estates Free and Clear of Liens, Encumbrances, Claims and Interests (II) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Sale Order") [Docket No. 534], whereby the Bankruptcy Court approved the sale by the Trustee of substantially all of the Debtor's assets to the Buyer pursuant to the Asset Purchase Agreement, which was attached to the Sale Order.

13. In order to address an objection filed by Scan Global Logistics ("Scan Global"), the Sale Order provided for the following with respect to distribution of the proceeds from the Sale:

> Without limiting the generality of the foregoing, as adequate protection for the free and clear sale of inventory as to which Scan Global Logistics ("Scan Global") asserts a lien pursuant to section 363(f) of the Bankruptcy Code, Scan Global shall have a lien on the proceeds of the Sale related to such assets in the same order of priority, with the same validity, force, and effect that such lien, if any, had prior to the Sale, and the rights of the Trustee and all other parties in interest to oppose, and object to, or seek to avoid Scan Global's assertion of any such liens, claims, rights or remedies, if any, and to seek any related relief, are preserved and reserved. The Trustee will not distribute any of the sale proceeds unless agreed to by the Trustee, Scan Global and the Prepetition Secured Lenders, or until further order of this Court.

*See* Sale Order, Paragraph 11(a).

14. On or about February 7, 2024, the closing occurred, and the cash portion of the Purchase Price (the "Sale Proceeds") was paid by the Buyer to the Trustee.

15. In addition, the Trustee has collected other assets of the Bankruptcy Estates, which can also be distributed to the Lenders pursuant to the Sharing Agreement. The additional assets (referred to as the "Additional Estate Assets") include turnover of cash from the Debtors' bank account, refunds from insurance, and payments from a stipulation with PEKO Precision Products, Inc. previously approved by the Court [D.I. 452]. The Sale Proceeds and Additional Estate Assets are identified and described on *Exhibit A* attached hereto.

## RELIEF REQUESTED

16. By this Motion, the Trustee respectfully requests that this Court enter an order pursuant to sections 105(a), 363(b), 726 (a), and as required by Paragraph 11(a) of the Sale Order, for authority to distribute the Sale Proceeds and Additional Estate Assets pursuant to the terms of the Sharing Agreement.

## BASIS FOR RELIEF

17. Sections 105, 726(a), and 363(b) of the Bankruptcy Code provides the authority for

the Court to grant the Trustee's requested relief in the Motion.

18. Section 726(a) provides that a trustee shall distribute property of the estate. Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Section 363(b) provides that a trustee may use, sell or lease property of the estate. Paragraph 11(a) of the Sale Order requires that the Trustee seek an order of this Court before distributing the Sale Proceeds.

19. After substantial negotiations, the Trustee and the Lenders entered into the Sharing Agreement for the use and distribution of property of the Bankruptcy Estates. The Sharing Agreement was approved by the Court after notice and hearing. The Trustee entered into the Sharing Agreement after his due diligence determined that the Lenders had a first-position, senior security interest in the Debtors' assets. The Sharing Agreement was critical for the Trustee's ability to administer these cases for the benefit of the Bankruptcy Estates and the Debtors' creditors. The Sharing Agreement provided the Trustee with funds to market and sell the Debtors' assets, and then use a percentage of the Sale Proceeds for the cost of the administration of the cases and a potential distribution to creditors. Without the Sharing Agreement, the Trustee would have no ability or funding to administer these cases.

20. Pursuant to the Sharing Agreement, the Trustee proposes to distribute the Sale Proceeds and Additional Estate Assets as set forth on Exhibit A. In summary, after payment of administrative expenses of the Bankruptcy Estate, including Trustee's professional fees, the Trustee is seeking authority to remit $3,805,713.40 to the Lenders as authorized under the Sharing Agreement, including the repayment of Lender Advances.

21. While certain creditors, including Scan Global, have asserted that they may have priority liens in certain of the Debtors' assets, and by extension certain of the Sale Proceeds, no

creditor has supported those assertions with evidence to demonstrate a superior lien to the Lenders. As noted, the Trustee determined that the Lenders have the senior secured position in all assets of the Debtors, hence the reason the Sharing Agreement was negotiated and entered.

22. The Sharing Agreement provided the Trustee the ability to use the Debtors' assets for the benefit of the Bankruptcy Estates. As such, this Court should approve the proposed distribution of the Sale Proceeds and Additional Estate Assets as set forth in this Motion, which is consistent with the Sharing Agreement.

## NOTICE

23. The Trustee has served this Motion and proposed form of order on (i) the Office of the United States Trustee; (ii) the Debtors' counsel; (iii) counsel for the Lenders; (iv) counsel for Scan Global; and (v) all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as the Court deems just.

| Dated: May 1, 2024<br>Wilmington, Delaware | **BIELLI & KLAUDER, LLC**<br><br>*/s/ David M. Klauder*<br>David M. Klauder, Esquire (No. 5769)<br>1204 N. King Street<br>Wilmington, Delaware 19801<br>Phone: (302) 803-4600<br>dklauder@bk-legal.com<br><br>*Counsel to George L. Miller Chapter 7 Trustee for the Bankruptcy Estates of ViewRay, Inc., et al.,* |
|---|---|