## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ViewRay, Inc., *et al.*, | Case No. 23-10935 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline: June 7, 2024, at 4:00 p.m. (ET)**<br>**Hearing Date: TBD** |
| | **Ref. D.I. 129, 398 & 494** |

### APPLICATION OF FAEGRE DRINKER
### BIDDLE & REATH LLP FOR ALLOWANCE OF CHAPTER 7
### ADMINISTRATIVE EXPENSE CLAIM AND PAYMENT OF CHAPTER 7
### AND CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS

Faegre Drinker Biddle & Reath LLP ("Faegre Drinker" or the "Firm") hereby files this application (this "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) allowing the Firm's chapter 7 administrative expense claim in the amount of $75,289.60 (the "Chapter 7 Administrative Claim"), (ii) authorizing and directing the payment of the Firm's Chapter 7 Administrative Claim as well as the Firm's previously-allowed chapter 11 administrative expense claim in the amount of $173,909.09 (the "Chapter 11 Administrative Claim"), and (iii) granting related relief. In support of this Application, the Firm respectfully represents as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order"). This is a core proceeding

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are that certain *Order Converting Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code and Granting Related Relief* [Docket No. 398] (the "Conversion Order"),[3] that certain *Order Authorizing the Employment and Retention of Faegre Drinker Biddle & Reath LLP as Counsel to the Debtors Effective as of the Petition Date* [Docket No. 129] (the "Retention Order"), sections 105(a), 330, 503(b)(2), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2016-2.

## BACKGROUND

3.      On July 16, 2023 (the "Petition Date"), ViewRay, Inc. and ViewRay Technologies, Inc., its affiliated debtor and former debtor in possession (together the "Debtors"), filed petitions with the Court under chapter 11 of the Bankruptcy Code.

4.      On July 21, 2023, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Faegre Drinker Biddle & Reath LLP as Counsel to the Debtors Effective as of the Petition Date* [Docket No. 65], which the Court pursuant to the Retention Order approved on August 8, 2023.

---

[2]      Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules"), the Firm consents to the Court's entry of a final judgment or order with respect to this Application if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

[3]      Capitalized terms used herein, but not otherwise defined, have the meanings given to them in the Conversion Order.

5.      On October 26, 2023 (the "<u>Conversion Date</u>"), the Court entered the Conversion Order.

**A.      Chapter 11 Administrative Claim**

6.      On December 21, 2023, the Court entered the *Omnibus Order Awarding Allowance of Final Compensation for Services Rendered and for Reimbursement of Expenses* [Docket No. 494] (the "<u>Final Fee Order</u>").  Pursuant to the Final Fee Order, the Firm was allowed final compensation for services rendered from the Petition Date to the Conversion Date (the "<u>Chapter 11 Compensation Period</u>") and reimbursement for actual and necessary expenses incurred during the Chapter 11 Compensation Period in the total amount of $1,419,225.82, as provided by the schedule attached thereto (the "<u>Allowed Compensation Schedule</u>").  From the professional fee reserve, the Firm was paid $249,928.71, which was in addition to the $995,388.02 previously paid to Faegre Drinker, as provided by the scheduled attached as exhibit 2 to the Final Fee Order (the "<u>Payment Schedule</u>").

7.      The Final Fee Order further provides, "Each of the Applicants, as applicable, shall have an allowed administrative expense claim pursuant to section 503 of the Bankruptcy Code for any amounts allowed in the Allowed Compensation Schedule but not paid pursuant to the Payment Schedule."  Therefore, the Firm's allowed Chapter 11 Administrative Claim against Debtor ViewRay, Inc. ("<u>ViewRay</u>") and Debtor ViewRay Technologies, Inc. ("<u>Technologies</u>") is in the amount of $173,909.09, *i.e.*, the amount allowed per the Allowed Compensation Schedule ($1,419,225.82) less the amount previously paid to the Firm pursuant to the Payment Schedule ($1,245,316.73).

DMS_US.364037486.3

**B.      Chapter 7 Administrative Claim**

8.      In accordance with the Conversion Order, after the Conversion Date, the Firm provided professional services and incurred costs for the Debtors' estates related to "effectuating a conversion of the Chapter 11 Cases to cases under chapter 7."[4]  The total amount of the Chapter 7 Administrative Claim for outstanding fees and expenses incurred following the Conversion Date effectuating the conversion of ViewRay and Technologies chapter 11 cases (the "Chapter 11 Cases") to those under chapter 7 is $75,289.60 (together with the Chapter 11 Administrative Claim, the "Administrative Claims").   A statement providing the detail for the fees and expenses comprising the Chapter 7 Administrative Claim, which complies with Local Rule 2016-2, is attached hereto as **Exhibit A** (the "Professional Services & Disbursements Statement").

## RELIEF REQUESTED

9.      Faegre Drinker respectfully requests that this Court enter an order (i) allowing the Chapter 7 Administrative Claim, (ii) authorizing and directing the payment of the Administrative Claims, and (iii) granting such other relief as the Court deems just and proper.

## BASIS FOR REQUESTED RELIEF

10.      The Court should allow the Chapter 7 Administrative Claim because the Conversion Order authorized the Firm to perform the work underlying the Chapter 7 Administrative Claim while the Retention Order authorized the Firm to be compensated for that work.

11.      Pursuant to the Conversion Order, "Faegre Drinker Biddle & Reath LLP . . . shall be authorized but not directed to assist the Debtors in effectuating a conversion of the Chapter 11

---

[4]      Conversion Order, ¶ 3(b).

DMS_US.364037486.3

Cases to cases under chapter 7."[5]  Further, the Conversion Order provides, "Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or documents related thereto) entered during the Chapter 11 Cases, including, without limitation, the Final DIP Order, or the rights and remedies in connection with such orders and documents, which rights and remedies shall be preserved in their entirety."[6]  Pursuant to the Retention Order, "Faegre Drinker shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct[.]"[7]

12.    The Conversion Order approved the Conversion Procedures, which included, among others, (1) the final fee application process, (2) the process by which the Debtors' books and records would be transferred to the chapter 7 trustee (the "Trustee"), (3) the Debtors' preparation of and filing the schedule of unpaid debts incurred after commencement of the Chapter 11 Cases as required by Bankruptcy Rule 1019(5), and (4) the preparation and filing of the final report and account in accordance with Bankruptcy Rule 1019(5)(A).[8]  As set forth in the Firm's Professional Services & Disbursements Statement, all of Faegre Drinker's work after the Conversion Date captured by the Chapter 7 Administrative Claim falls into one of these explicitly enumerated workstreams or is part of the general task of "effectuating a conversion of the Chapter 11 Cases to cases under chapter 7[.]"[9]  As such, the Firm was authorized to perform this work

---

[5]    *Id.* ¶ 3(b).

[6]    *Id.* ¶ 4.

[7]    Retention Order, ¶ 3.

[8]    Conversion Order, ¶ 3.

[9]    *Id.* ¶ 3(b).

DMS_US.364037486.3

pursuant to paragraph 3(b) of the Conversion Order.  Further, because the Conversion Order explicitly provided it did not "affect or modify the terms of any order of this Court . . . entered during the Chapter 11 Cases,"[10] Faegre Drinker was not only authorized to perform this work, but also, per its Retention Order, "entitled to allowance of compensation and reimbursement of expenses" for its post-conversion work.[11]

13.     In accordance with the Retention Order and the factors enumerated in section 330 of the Bankruptcy Code, the amount requested by the Chapter 7 Administrative Claim is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code.[12]  In addition, as set forth above, the time entries and the expense breakdown set forth in the Professional Services & Disbursements Statement are in compliance with the requirements of Local Rule 2016-2.

14.     Based on the foregoing, the Chapter 7 Administrative Claim should be allowed and the Debtors should be authorized and directed to satisfy the Chapter 7 Administrative Claim as well as the previously allowed Chapter 11 Administrative Claim.

## NOTICE

15.     The Firm will provide notice of this Application to: (i) counsel to the Trustee, (ii) the Office of the United States Trustee for the District of Delaware; and (iii) counsel to MidCap

---

[10]     *Id.* ¶ 4.

[11]     Retention Order, ¶ 3.  Given the terms of the Conversion Order, *Lamie v. United States Trustee*, 540 U.S. 526 (holding that section 330(a)(1) of the Bankruptcy Code did not authorize an attorney for a chapter 11 debtor to be paid from estate funds after the conversion of the chapter 11 case to chapter 7) is inapposite because, per the Conversion Order, neither the entry of the Conversion Order nor the conversion to chapter 7 modifies the Firm's rights under the Retention Order, which includes the right to "allowance of compensation and reimbursement of expenses."

[12]     11 U.S.C. § 330(a)(3).

6

Funding IV Trust.  In light of the nature of the relief requested herein, the Firm submits that no other or further notice is necessary.

WHEREFORE, the Firm respectfully requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  May 17, 2024

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ Ian J. Bambrick

Patrick A. Jackson (No. 4976)
Ian J. Bambrick (No. 5455)
Jaclyn C. Marasco (No. 6477)
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com
jaclyn.marasco@faegredrinker.com

Michael P. Pompeo (*pro hac vice*)
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
Tel:  (212) 248-3140
Fax:  (212 248-3141
michael.pompeo@faegredrinker.com

Maria J. Cho (*pro hac vice*)
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Tel:  (310) 203-4000
Fax:  (310) 229-1285
maria.cho@faegredrinker.com

*Former Counsel to the Debtors and Former Debtors in Possession*

7